JAMES B. JONES et al v. SAMUEL JONES.

*Action to Recover Land and Rents—Vendor and Vendee —Contract to Purchase—Default—Agreement to Pay Rent—Landlord's Lien.*

1. After default by a vendee of land to pay the purchase money, the vendor may, by contract, become landlord of the vendee so as to avail himself of the landlord's lien given by Section 1754 of *The Code*; the rent, however, to go as a credit upon the purchase price agreed to be paid for the land.

2. Such a contract not being forbidden by statute nor contrary to public policy nor forbidden by equity, the courts will not abridge the freedom of contracting by declaring it void.

ACTIONS to recover land and certain crops grown on the land for 1893, begun separately between the parties, and consolidated by order of the Court, before *Hoke, Judge*, at February Term, 1895, of GREENE Superior Court. Defendant demurred *ore tenus* to the complaint to recover crops for 1893, grown on the land in controversy, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Demurrer overruled. Defendant excepted. The Court submitted the following issues :

"(1). Are plaintiffs the owners of the land described in complaint? Ans. Yes; subject to defendant's claim under the bond for title from J. P. Britt.

"(2). Is defendant in the wrongful possession of the land? Ans. No.

"(3). Is defendant in possession under a contract to purchase made with Britt, deceased, in 1886? Ans. Yes.

"(4). Has defendant been in continuous possession since the execution of said contract? Ans. Yes.

"(5). Did defendant at any time during such possession agree to hold the land as plaintiff's tenant, and for what period? Ans. Yes; for two years—1892 and 1893.

"(6). What amount and value of property has been seized and held by court process, and which was rent under said contract?   Ans.   Yes; $67.50.

"(7). Has defendant abandoned and relinquished his right under the contract of purchase from Britt?   Ans.   No.

"(8). What balance is due and owing from defendant to plaintiffs on said contract of purchase?   Ans.   The amount of the notes, subject to a credit of 550 pounds of cotton paid J. P. Britt, and $67.50 property seized, by estimating cotton at 8 72-100 cents per pound, with interest from maturity of each note, subject to above credits one in the fall of 1886 and second in the fall of 1893, to be calculated, by agreement, by the clerk."

By consent, B. W. Britt, executor of J. P. Britt, was made a party plaintiff.

It was in evidence:   That the defendant entered into possession of the land in the year 1886 under a contract of purchase and bond for title, and gave his note or cotton bonds for the purchase money.   That the bond for title was registered in 1886.   That the contract of purchase was made with James P. Britt, testator of the plaintiff B. W. Britt.   That he died in the year 18—, leaving a will, with B. W. Britt as executor, which will was duly admitted to probate.   The bond for title executed by James P. Britt to Samuel Jones on the 1st day of February, 1886, was introduced in evidence, and is set out in the case, conditioned that title is to be made if there be do default in the payment of the notes or cotton bonds given for the purchase money.

The tenth item of the will of James P. Britt, offered in evidence, is as follows:   "My will is that the Lane tract and Tom Jones tract of land be sold, and proceeds applied to the payment of my debt, also the money collected from my notes and accounts, and if there should be any surplus

JONES *v.* JONES.

over and above the payment of debts, that such surplus be equally divided, and paid to my surviving heirs." That after B. W. Britt qualified as executor he advertised the land in controversy for sale under power of the will, and plaintiffs became the purchasers and the same was conveyed by the executor. That defendant had been in possession continually since his purchase, in 1886, and had in his possession the bonds for title, and refused to surrender the same when demand was made upon him by the executor prior to the sale to plaintiffs, and after the sale of the land to Jones & Herring the notes were delivered to them by executor. That the notes for the purchase money are still held by plaintiffs, and were introduced in evidence. The sale of the land to Jones & Herring was in January, 1892. Plaintiffs offered evidence to show a renting by defendant from Jones & Herring, after they had bought at the executor's sale, for the years 1892 and 1893. This evidence was objected to by defendant as incompetent to confer a lien under the landlord and tenant act. Objection overruled. Defendant excepted. It was admitted that the value of the crops seized under claim and delivery proceeding was $67.50, and they were grown on the land in controversy in 1893, and claimed by plaintiffs Jones & Herring for rent and advances for that year. It was in evidence that defendant had never paid any rent for the land.

His Honor charged the jury that, if they believed from the evidence that defendant agreed to pay Jones & Herring rent for 1893 to the amount of $100, then the jury should respond to the fifth issue, "Yes." Defendant excepted to this part of the charge on the ground that the agreement to rent, under the facts of this case, would not confer a lien; and, second, that the issue was a question of law, and was immaterial to the decision of the case. Defendant moved for judgment upon the verdict for $67.50, the value

of the crop seized, and costs of action. Motion overruled. Defendant excepted. Judgment for plaintiffs for amount of contract price, less a payment of 550 pounds of cotton, and less this $67.50, which was held a valid credit on the contract price; the Court holding that after forfeiture the plaintiffs could, by contract, become landlords of defendant, so as to avail of landlord's lien, but any amount received as rent must go as a credit on the price. Defendant excepted to so much of the judgment as awarded to plaintiffs the crop of 1893, to the value of $67.50, and the costs of the action, and the defendant appealed.

*Mr. J. B. Batchelor*, for plaintiff.
*Mr. G. M. Lindsay*, for defendant (appellants).

CLARK, J.: By the verdict on the several issues it is found that the defendants being in possession of the land under a bond to make title executed in 1886 and having defaulted in their payments, and the period (1890) within which payments were to be made having expired, entered into an agreement in 1892 with the plaintiffs (who had acquired the interest of the obligor to make title) that they would pay rent for the years 1892 and 1893. Not having done so this is an attempt to subject the crop of 1893 to the lien for the stipulated rent for that year.

The court below properly held that "after forfeiture, the plaintiffs could by contract become landlords of the defendants so as to avail themselves of the landlord's lien, the amount of rent however to go as a credit upon the purchase price agreed to be paid for the land." This is substantially the same point decided in *Crinkley* v. *Egerton*, 113 N. C., 444, in which this Court sustained a similar ruling of his Honor, who tried the present case. The plaintiffs having the right to demand possession of the premises it was com-

117—17

petent for them to agree with the defendants that for the time specified the latter might remain in possession as tenants paying rent and if such contract afforded any opportunity for oppression the relief the defendants are entitled to is not to hold the contract void but the equitable order (which the court made) directing that the amount of rents so paid should be credited on the notes given for the purchase money. Had the parties embraced this provision in their contract, there could have been no complaint. *Crinkley* v. *Egerton, supra.*

This in no wise conflicts with *Taylor* v. *Taylor*, 112 N. C., 27, relied on by the defendant's counsel but which was noticed and distinguished in *Crinkley* v. *Egerton, supra.* In *Taylor* v. *Taylor*, it was merely held that a vendee, or mortgagor in default was not *ipso facto* a lessee whose crop vested in the landlord under *The Code*, 1754. That is so in the absence of an agreement to hold as tenant, paying rent. There is nothing in any statute forbidding freedom to thus contract when the parties deem it to their mutual interest to do so, and when by the terms of the contract itself or the decree of the court, the rent is applied upon the purchase notes there is no ground upon which equity can intervene. *Taylor* v. *Taylor*, further holds that while an abandonment of a contract of purchase can be made by parol, the vendee thenceforth remaining in possession as a tenant, the evidence of abandonment must be positive, unequivocal and inconsistent with the contract of purchase. That has no application here for it is not contended that the contract of purchase is abandoned, but the contract simply is that the plaintiffs being entitled to possession the defendants are allowed to remain in possession, paying rent. Thereafter the parties may agree to rescind the contract of purchase, or continue the renting till the rents pay off the purchase money, or take other steps as may

seem good to them. Such contracts as that herein made, not being contrary to any statute nor against public policy nor forbidden by equity, the courts are not authorized to abridge the freedom of contracting by declaring them void.

No Error.