### H. B. PARKS v. SOUTHERN RAILWAY CO.

(Decided March 7, 1899).

*Negligence—Contributory Negligence.*

1. Where the evidence is conflicting upon the issues of negligence by defendant and of contributory negligence by plaintiff, they both become questions for the decision of the jury, under proper instructions from the Court.

2. Where such was the character of the evidence, special instructions asked for by the defendant—"That if the jury believe the evidence, the answer to the first issue (as to negligence) should be 'No,' and the answer to the second issue (as to contributory negligence) should be, 'Yes'"—were properly declined by the Court.

CIVIL ACTION for damages, alleged to have been sustained by the plaintiff through the negligence of the defendant in allowing its road-bed, where it crossed the public road at Harrisburg in Cabarrus County, to be in a dangerous condition, without warning, whereby he was unable to get over while attempting to cross with his mule and buggy, and was forced to jump out in order to save himself, upon the approach of a train, and was seriously injured in the fall.

Case tried before *Allen, J.,* at July Term, 1898, of the Superior Court of CABARRUS County.

The answer controverted the allegations of the complaint imputing negligence to the defendant, and alleged contributory negligence on the part of the plaintiff.

The witnesses were numerous on both sides, and the evidence was conflicting, bearing upon the issues submitted upon the questions of negligence and contributory negligence.

The defendant, among other special instructions, asked his Honor to charge:

If the jury believe the evidence the answer to the first issue shall be "No" (as to negligence of defendant).

If the jury believe the evidence the answer to the second issue should be "Yes" (as to contributory negligence of plaintiff).

These instructions were declined by the Court. Defendant excepted.

The contentions of the parties are contained in his Honor's charge, which is subjoined.

The Judge charged the jury as follows:

This is a civil action brought by the plaintiff, Parks, against the defendant, Southern Railway Company, for damages for alleged negligence, the plaintiff contending that he was crossing the defendant's railway at a public crossing at Harrisburg, in this county, and that the defendant had thrown up an embankment of dirt across, parallel with the railroad track; and that after he had crossed the railroad track the embankment was such that it prevented his mule from passing over and across, and caused his mule to back so near to the railroad track, where the engine and cars of the defendant were approaching, that he jumped from the buggy to save himself from imminent danger; and that in attempting to so jump from his buggy he was injured; and that this dirt so thrown up was such an obstruction as was calculated to cause a horse or mule to stop; and that it obstructed the road, and that he had no notice that it was there; and that this was an act of negligence on the part of the defendant and caused his injuries. The plaintiff contends also that the engineer could have seen him in the position in which he was at the crossing, in time to have stopped the cars and prevented the injuries which he sustained, and that this was also an act of negligence.

PARKS *v.* RAILWAY CO.

The defendant, on the other hand, denies this, and says that the plaintiff was injured by reason of his own negligence; that the plaintiff made a miscalculation, and attempted to cross when the approaching train was so near that he could not safely do so; that the train was so near that it could not be stopped in time to prevent the injury; that the dirt thrown up was not so high or such that it was calculated to prevent free passage; and defendant denies that it was in any way negligent, and that the injuries to plaintiff were due to his own negligence. The defendant says that the engineer could not have stopped the train in time to have prevented the plaintiff from jumping, or to have prevented his injuries.

The plaintiff says, further, that if he was negligent, that the defendant could, notwithstanding that, have prevented the injuries by the exercise of care on his part. And the defendant denies that.

These are the contentions of the parties.

The following issues are submitted to you:

1. Was the plaintiff injured by the negligence of the defendant?

(Remember that the plaintiff is Parks and the defendant is the railroad company).

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?

3. If the plaintiff, by his own negligence, contributed to his injury, could the defendant, notwithstanding the negligence of plaintiff, have prevented the injury to the plaintiff by the exercise of care on his part?

4. What damage is the plaintiff entitled to recover?

Upon these issues the burden is upon the plaintiff to show, by a preponderance of evidence, to prove by a preponderance of evidence, the first issue. The burden is upon the defend-

ant to prove by a preponderance of evidence the second issue. The burden is upon the plaintiff to show by a preponderance of evidence the third and fourth issues.

It is the duty of each party, both plaintiff and defendant, and I mean by that it is the duty of a party travelling the public road, and going across a public crossing, and also the duty of the railroad company in running its cars, to use a reasonable degree of foresight and skill, and care, and diligence, to enable each to use the privilege of crossing, that is, where the public road or the public passage and the railway cross each other. And in considering the conduct of the defendant, what was done by the section master and his hands, or by the engineer, in this action is to be taken and considered as the act of the defendant itself.

Now, upon the first issue, was the plaintiff injured by the negligence of the defendant?

(a) If the jury find that the plaintiff was injured at a place where the tracks of the defendant were laid in and across a public road, and the defendant, by its servants, had caused an excavation to be made and dirt to be piled up in the crossing, so that the public road on the crossing was obstructed, and the obstruction could not be seen by the plaintiff until he got upon the crossing, and the defendant did not notify or warn plaintiff of the obstruction, and the plaintiff went upon the crossing, believing and having good reason to believe that he could cross over it in safety, and he could have crossed over it in good time and with perfect safety had the crossing not been obstructed by the defendant, if you find it was obstructed, and the plaintiff was prevented from crossing solely by reason of the said obstruction; and the jury further find that while plaintiff was on the crossing one of the defendant's trains approached the crossing at a great rate of speed, and plaintiff reasonably believed, under the circumstances

and conditions surrounding him at the time, that he was in
great peril from the approaching train, and that it was neces-
sary for him to jump from his buggy in order to escape the
threatened danger, and he did jump and was injured in so
doing, and plaintiff did what a reasonable and prudent man
would have done under the same conditions and circum-
stances, the jury will find that the injury to plaintiff was
caused by the negligence of the defendant, and answer to the
first issue "Yes."   (b).

*Twenty-eighth Exception.*

And to so much of the said charge as is between the letters
(a) and (b) the defendant excepted and assigns the same for
error.

(b) If the plaintiff was placed in a dangerous position
by reason of the defendant's negligence in obstructing the
crossing, and the engineer on the defendant's engine saw, or
could, by keeping a reasonable lookout, have seen that the
plaintiff was in danger of being struck by the train in time
to have stopped the train and prevented the injury, and the
engineer failed to stop the train, the jury will find that the
defendant was guilty of negligence, and answer the first issue
"Yes."   (c).

*Twenty-ninth Exception.*

And to so much of the said charge as is between the letters
(b) and (c) the defendant excepted and assigns the same for
error.

If the jury find the defendant did not so obstruct the pub-
lic crossing with dirt thrown up so as to render travel diffi-
cult and dangerous, or that the engineer, after he saw plain-
tiff, or could reasonably have seen him, could not, by the
exercise of due care, stop the train in time to prevent the
plaintiff from jumping, to avoid imminent danger, if you

find he did jump for that purpose, and that it was the act of a reasonable and prudent man, and that plaintiff saw or heard the train approaching and thought he could cross ahead of it, and tried to do so, and made a miscalculation of time of train and its speed and was injured thereby, the defendant would not be guilty of negligence, and the answer to the first issue should be "No."

If the jury find that the plaintiff had barely crossed the first track when the train passed him, and that the mule did not balk at the pile of dirt, but for some other reason, not caused by the defendant, and the engineer used due care after he saw plaintiff, or could have seen him by the exercise of reasonable watchfulness, and could not stop the train, and he was injured by jumping from the buggy, thinking it was necessary, and this was the act of a reasonable man under the circumstances, the answer to the first issue should be "No."

It was not negligence in defendant to make the excavation described, or to make the excavation in order to slip the track over without stationing some person on the road to warn passengers by the highway, unless the excavations were such as would ordinarily frighten horses, or render travel difficult and dangerous; and if the jury find that these excavations were not of such a character, and that plaintiff was not in a dangerous position on or near the railroad track, or if he was so that the engineer could not, by reasonable watchfulness and care, have seen him and stopped the train before getting so near as to cause a reasonable and prudent man to jump and injure himself, you should answer the first issue "No."

(d) If the crossing was left in such condition by the defendant that plaintiff could not pass over it, and he could not, by the exercise of reasonable care, have discovered it before he went upon the crossing, and he went upon the

crossing in ignorance of its condition, but in good time to have crossed safely if the crossing had not been obstructed by the defendant; and the jury further find that by reason of the obstruction on the crossing the plaintiff was placed in danger from the approaching train of defendant and jumped to escape from the said danger, and was thereby injured; and the jury further find that the defendant's train was running at such a rate of speed at the time that it could not be stopped in time to prevent the injury to the plaintiff, the jury will find that the injury was caused by the defendant's negligence, as the defendant would be negligent in running its train at a rate of speed which, in connection with the condition of the crossing, caused by its own act, endanger those using the public road at the crossing.   (e).

*Thirtieth Exception.*

And to so much of the said charge as is between the letters (d) and (e) the defendant excepted and assigns the same for error.

(e) After you have acted upon the first issue you will proceed to the second issue; that is, if you answer the first issue "Yes." If you answer the first issue "No," you will proceed no farther, that is, was the plaintiff injured by the negligence of the defendant? If you find that he was not, you proceed no farther. If you find that the plaintiff was injured by the negligence of the defendant, that is, you answer the first issue "Yes," then you proceed to the second issue, Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?

(f) If the jury find that the plaintiff was injured at a place where the trains [tracks] of defendant were laid in and across the public road, and the defendant, by its servants, had caused an excavation to be made and dirt to be piled up in the crossing so that the public road on the crossing was ob-

structed, and the obstruction could not be seen by the plaintiff until he got upon the crossing, and the defendant did not notify or warn the plaintiff of the obstruction, and the plaintiff went upon the crossing believing, and having good reason to believe, that he could cross over it safely, and he could have crossed over it in good time and with perfect safety had the crossing not been obstructed by the act of the defendant, and the plaintiff was prevented from crossing solely by reason of the said obstruction; and the jury further find that while plaintiff was on the crossing, one of defendant's trains approached the crossing at a great rate of speed, and plaintiff reasonably believed, under the circumstances and conditions surrounding him at the time, that he was in great peril from the approaching train, and that it was necessary for him to jump from his buggy in order to escape the threatened danger, and he did jump and was injured in so doing, and plaintiff did what a reasonable and prudent man would have done under the same conditions and circumstances, the jury will answer the second issue "No."   (g).

*Thirty-first Exception.*

And to so much of the said charge as is between the letters (f) and (g) the defendant excepted and assigns the same for error.

(g) If the jury find, under the instructions of the Court, that the plaintiff was placed, by the negligent act of the defendant, in a position of danger or peril, the jury are instructed that the law did not require that the plaintiff should have exercised any more care for his safety and protection than a man of ordinary prudence would have exercised under the same conditions and circumstances; and if the jury find that the plaintiff was placed by defendant's negligence in a position of danger or peril, and in jumping from his buggy,

and in his conduct at the time, he was acting with the same degree of care that a prudent man would have exercised under the same circumstances, the jury will answer the second issue "No." (h).

*Thirty-second Exception.*

And to so much of the said charge as is between the letters (g) and (h) the defendant excepted and asigns the same for error.

(h) If the jury find that by the negligence of the defendant railroad company the plaintiff was in a position of peril on the crossing, the act of the plaintiff in endeavoring to escape from the peril, although it may have been the immediate cause of the injury, is not the less to be regarded as the act of the railroad company, who caused or brought about the peril, and if, while in such peril, caused by the negligence of the defendant, the plaintiff, by reason of his dangerous surroundings, was unable to choose wisely as to the method of escape, and adopted a dangerous method, by which he was injured, he was injured, he was not guilty of negligence, even though had he selected some other method the injury to him would have been avoided, provided the plaintiff acted with that degree of care and firmness which a prudent man would have exercised in the same circumstances. (i).

*Thirty-third Exception.*

And to so much of the said charge as is between the letters (h) and (i) the defendant excepted and assigns the same for error.

(i) If the defendant left the crossing in such condition that vehicles could not safely pass over it, and plaintiff went upon the crossing believing and having every reason to believe that he could safely pass over it, and he had full time to have passed over and beyond the crossing before the train reached

PARKS *v.* RAILWAY Co.

the crossing, if the crossing had been in such condition as it was before the defendant placed the obstruction on it, if such obstruction was placed on it, and plaintiff could not see the defect in the crossing before he went upon it, it was not negligence in the plaintiff to attempt to cross the track, under such circumstances, even though he knew the train was approaching the crossing, provided plaintiff did no more than a prudent man would have done under the same conditions.  (j).

*Thirty-fourth Exception.*

And to so much of the said charge as is between the letters (i) and (j) the defendant excepted and assigns the same for error.

If the plaintiff could, by reasonable care and watchfulness, have seen the dirt as thrown up, and his failure to see it was the cause of his injury, the answer to the second issue should be "Yes."

If the jury believe that plaintiff heard the train signal at or near Cline's garden, and urged his horse forward, thinking he could cross safely, because he thought it was a freight train and was running slow, and his mistake was the cause of the injury, the answer to the second issue should be "Yes."

The defendant had a right to run as many trains over its track as it deemed necessary, and to run them fast or slow, and to stop them at stations or not, as occasion demanded; this, however, subject to the instructions already given, and if plaintiff's injury was due to any mistaken idea of his that the train was a slow one and would stop at Harrisburg, then the answer to the second issue should be "Yes."

If the jury believe that the plaintiff heard the train blow, and knew it was approaching the crossing, but could not see it, his duty to approach the crossing cautiously was greater than if he could have seen it all the way; and if he failed to

124—10

observe greater caution than he would have done if he could have seen the train, and this was the cause of the accident, the answer to the second issue should be "Yes."

If plaintiff jumped from the buggy after he had cleared the track, when it was not necessary, and it was not such an act as a prudent man under similar circumstances would have done, and this caused his injury, this would be an act of negligence on his part, and the answer to the second issue should be "Yes."

Now, if you find the first issue "Yes" and the second issue "No," you need not consider the third issue; but if you find the first and second issues "Yes," you proceed to answer the third issue. The third issue is this: If plaintiff by his own negligence contributed to his injury, could defendant, notwithstanding the negligence of the plaintiff, have prevented the injury to plaintiff by the exercise of care on its part?

If the jury should find that the defendant was negligent and that the plaintiff was guilty of contributory negligence, yet if they further find that the plaintiff was in a position of danger at the crossing and was seen by the engineer of the train in such position, and in time for the engineer to have stopped the train and prevented the accident or injury to plaintiff, the jury will answer the third issue "Yes"; and, if not, they will answer it "No."

The third issue is full and explains itself; that is, if you find that the plaintiff was negligent, and by his negligence contributed to his injury, then the question is, could the defendant, notwithstanding the negligence of the plaintiff, have prevented the injury to plaintiff by the exercise of care on his part; that's the question. If you find that it could, then you will answer that issue "Yes"; if you find that it could not, you will answer it "No."

After you have passed upon these issues, if you get to the

fourth issue, that is to say, if you find that the plaintiff was injured by the negligence of the defendant, and that the plaintiff did not contribute to his own injury; or if you find that he did contribute to his own injury, and that the defendant, notwithstanding the negligence of the plaintiff, could have prevented the injury to the plaintiff by the exercise of care on its part, then you proceed to the fourth issue: What damage is plaintiff entitled to recover?

Upon that issue the plaintiff would be entitled to recover as damages a reasonable compensation for all injuries, past and prospective, in consequence of the defendant's wrongful and negligent acts, if you find that it has been guilty of them. This embraces indemnity for loss of time, any actual expenses, if there is any evidence of any actual expenses; his inability to perform ordinary labor, or his capacity to earn money; and if entitled to recover, he is entitled to reasonable satisfaction for loss of bodily or mental powers and actual sufferings, which are the immediate and necessary consequences of his injury—a reasonable compensation. You do not undertake to give the actual equivalent, because you can not tell what that is, but you only undertake to give a reasonable compensation.

In considering the question of negligence, whether the whistle blew the alarm or the bell rung is not a material inquiry as to whether the plaintiff had warning, because he admits that he knew of the aproach of the train; but in considering as to whether the defendant was negligent or not, in seeing or not seeing the plaintiff, then you may consider this question as to whether he rang the bell or whether he sounded the alarm signal, but only to be considered in considering the question as to whether the engineer saw him, or could have seen him; as to whatever bearing it would have upon that question doesn't bear upon the question of giving an alarm or

warning to the plaintiff of its approach, because he knew of the approach. I think I make myself understood. I mean this: That in considering the question as to whether the bell was rung or the alarm whistle was blown, you simply consider it on the question as to whether that throws any light upon whether the engineer saw him or could have seen him at the time.

You may take the issues and retire.

The jury found the first issue "Yes" and the second issue "No," and did not answer the third issue, and assessed the damage at $2,000.

The defendant moved for a new trial for error in law, because the Court gave the instructions asked for by the plaintiff and refused the instructions asked for by the defendant, and for error in the charge as set out in the exceptions taken by defendant, from 1 to 34, inclusive.

*Thirty-fifth Exception.*

Motion refused, and defendant excepted.

There was a judgment for the plaintiff, according to the verdict, which is set out in the record proper; and from this judgment the defendant appealed in open Court. Notice waived. Bond in the sum of $50 adjudged sufficient. Bond to stay execution waived.

Thirty days allowed defendant to serve case on appeal and thirty days thereafter allowed plaintiff to file counter-case or exceptions.                O. H. ALLEN,
                                                *Judge Presiding.*

*Messrs. G. F. Bason, F. H. Busbee* and *A. B. Andrews, Jr.,* for defendant (appellant).

*Messrs. Burwell, Walker & Cansler,* for plaintiff.

FURCHES, J. This is an action for damages received by

the plaintiff at Harrisburg, Cabarrus County.   The plaintiff was driving in a buggy drawn by a mule, and was intending to cross the defendant's road upon the public highway, which crossed defendant's road at that point.

The defendant was engaged at that time in repairing its road-bed at the point where the public highway crossed it, and in so doing had dug a trench along its track and across the public highway, and had thrown a pile of dirt from the ditch or excavation into the public road.   But plaintiff alleges that this excavation was so made, and the dirt so thrown, that he could not see it until he got on defendant's road, and did not know they were there until he was on defendant's road; that he saw defendant's train coming before he went upon its road, and had plenty of time to have crossed in safety but for the obstruction mentioned, put there by defendant, which frightened his mule and caused it to become unmanageable; that he was in plain view of the approaching train, and was seen or could easily have been seen by the engineman, after it was plainly apparent that his mule was unmanageable, in time for defendant to have stopped its train; that finding that defendant's train was not going to stop, as it approached at great speed, the plaintiff leaped from his buggy and was badly injured.

Defendant admits that it was at work repairing and removing its track and road-bed, which it says it had the right to do, and although there was a small excavation across the public road and some dirt thrown up in the road, it might easily have been seen by the plaintiff, and would have been seen by him but for the fact that he was running a race with the defendant's train to get across the track before the train reached the crossing; that the train was in full view of plaintiff, and that it was his own fault and negligence to undertake to cross the track when he did; that defendant

was guilty of no negligence, but plaintiff was, and cannot recover damages for his injury. The following issues were submitted without objection:

1. "Was the plaintiff injured by the negligence of the defendant?"

2. "Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer?"

3. "If plaintiff by his own negligence contributed to his injury, could the defendant, notwithstanding the negligence of the plaintiff, have prevented the injury to the plaintiff by the exercise of care on its part?"

4. "What damage is plaintiff entitled to recover?"

The jury answered the first issue "Yes," the second "No," and the fourth "$2,000." The third issue was not answered, under the direction of the Court, as it became immaterial upon the first issue being answered "Yes" and the second "No."

It is not contended but what there was evidence tending to prove the issues passed upon by the jury, and the verdict and judgment must stand unless there was error committed by the Court in not charging the law as requested by the defendant, or in erroneously charging the law as claimed by the exceptions of the defendant.

The defendant took and noted more than thirty exceptions to his Honor's charge, which are presented by the record and case on appeal. All these exceptions have been carefully considered by the Court. But defendant, in its brief (while not formally abandoning any of them) discusses only the first and seventh exception, which are prayers for instructions on the part of the defendant, and they are as follows:

1. "If the jury believe the evidence, the answer to the first issue should be 'No.' "

7. "If the jury believes the evidence, the answer to the second issue should be 'Yes.' "

The first issue is as to whether the defendant was guilty of negligence, and the seventh is as to whether the plaintiff was guilty of contributory negligence.

From the evidence in the case it is too plain for argument that neither of these exceptions can be sustained, and it seems that this would be an end of the case; but as we have said, although these two exceptions are the only ones called to our attention by the brief of defendant, we have carefully considered all of them, and find no error.

There is much learning displayed and many authorities cited in the brief, many of which have been examined by the Court. But we find that it is unnecessary to call any of them into requisition in deciding this appeal. It would be but to "thrash over old straw" without profit to the parties or to the profession.

The judgment is affirmed.