W. H. BURWELL v. COOPERS CO-OPERATIVE COMPANY.

(Filed 27 September, 1916.)

**Landlord and Tenant—Contracts—Option of Purchase—Liens—Statutes.**

Where the owner has entered into a written contract to rent his land at a stated price per annum, the relation of landlord and tenant is not changed to that of vendor and purchaser or disturbed by the fact that, under the further terms of the contract, the other party had an option to purchase the lands upon making a certain additional payment, time being of the essence of the contract entered into, which he has not exercised; and as landlord, the owner may enforce his statutory lien for a part of the rent remaining due him.

APPEAL from a justice of the peace, heard by *Stacey, J.,* at May Term, 1916, of VANCE.

At the conclusion of the evidence, the motion to nonsuit was sustained. The plaintiff appealed.

*Tasker Polk and T. T. Hicks for plaintiff.*
*B. H. Perry and A. C. & J. P. Zollicoffer for defendant.*

BROWN, J. This action is brought to recover $175 which the plaintiff alleges is due him by one P. C. Arrington, his tenant, for rent for the year 1915 for a certain farm. The evidence tends to prove that the said Arrington occupied the farm during the said year, cultivated a crop of tobacco and sold the same to the defendant; that he failed to pay the plaintiff the alleged rent, and plaintiff seeks to recover it of the defendant under the lien given to landlords.

The defendant denies that Arrington was the tenant of the plaintiff, averring that the relation of vendor and vendee existed between them. The question is to be determined by the written contract between the

plaintiff and the said Arrington, dated 1 December, 1914. This contract provides that the plaintiff, "In consideration of the execution of the rent note in the sum of $250 by the party of the second part to W. H. Burwell, one of the parties of the first part, being for the rent of the place hereinafter described for the year 1915," etc., gives to Arrington an option on the place until 1 December, 1915, to purchase it at a stipulated price mentioned in the agreement.

In several places in the agreement the $250 note is described as the rent which Arrington is to pay for the place for the year 1915. In case the said Arrington paid the said note in full, and made additional payments set out in the contract, then the parties of the first part agreed to make him a deed for the property. There is no evidence that any payments were made by Arrington, except about $75 on the rent note. A similar contract was entered into between the parties in preceding year for the year 1914.

His Honor thought that this agreement created a relation of vendor and vendee, and that the plaintiff could not enforce his lien as landlord against the tobacco in the hands of the defendant. In this we think there is error. It has been expressly held that where land is sold on credit, and a mortgage is executed by the vendee to the vendor to secure payment of the purchase money, the vendor, as mortgagee, has the right of possession, and that it is competent for the parties to contract that the possession shall be held by the purchaser until payment is made, and that in consideration thereof the relation of the parties shall be that of landlord and tenant. In such case the landlord's lien for rent takes priority of a mortgage for advancements. *Crinkley v. Edgerton,* 113 N. C., 445.

Although that decision was not by a unanimous Court, it has been subsequently affirmed and acted upon in a number of cases, cited in the annotated edition: *Jones v. Jones,* 117 N. C., 254; *Ford v. Green,* 121 N. C., 70; *Ewbanks v. Becton,* 158 N. C., 238; *Hawser v. Morrison,* 146 N. C., 252; *Hicks v. King,* 150 N. C., 371.

The case at bar is much stronger than any of those which we have cited. The agreement in this case does not create the relation of vendor and vendee, as contract of sale does not appear upon the face of the paper to have been perfected. The effect of the instrument appears upon its face to give to Arrington an option on the place, and a definite time is fixed within which he has to exercise his right. It is expressly provided that time shall be of the essence of the contract. Under such conditions we see no reason why it was not competent for the parties to occupy the relation of landlord and tenant towards each other pending such period.

New trial.