WISE SUPPLY COMPANY v. JOHN R. DAVIS AND WARREN
DEVELOPMENT COMPANY, INTERVENER.

(Filed 5 October, 1927.)

**Landlord and Tenant—Contracts — Options — Advancements — Liens—
Statutes.**

A contract expressed and purporting to be a lease of lands for agricultural purposes, does not change the relationship of landlord and tenant between the parties upon the ground that if the amount of stipulated rent should be paid at a certain time it should be regarded as a credit upon the purchase of the land at a stated price, it not appearing that the transaction of the contemplated purchase had been made under option given; and the landlord or one to whom the contract has been validly assigned may enforce statutory lien, C. S., 2355, in priority to the lien of one furnishing advancements for the cultivation of the crop. C. S., 2480.

APPEAL by plaintiff from *Grady, J.,* at January Term, 1927, of WARREN. Affirmed.

Action to recover possession of certain crops made by defendant, John R. Davis, during the year 1926, upon lands situate in Warren County.

Plaintiff contends that it is entitled to said crops by virtue of a lien for advancements made by it to defendant, pursuant to an agreement in writing, duly registered, as required by statute. C. S., 2480.

Intervener contends that it is entitled to said crops by virtue of a landlord's lien arising out of a rental contract between the owner of the land and defendant, John R. Davis. C. S., 2355. It is the holder by assignment of a note executed by Davis and payable to the owner of the land for rent.

No answer was filed by defendant, John R. Davis. The controversy presented for decision arises solely out of the conflicting claims of plaintiff and intervener.

By agreement, trial by jury was waived. From judgment upon the facts as found by the judge, plaintiff appealed to the Supreme Court.

*J. H. Bridgers and Williams & Banzet for plaintiff.*
*F. H. Gibbs and Polk & Polk for intervener.*

CONNOR, J. The controversy between the plaintiff and the intervener involves, primarily, the construction of the contract between L. J. King, the owner of the land upon which the crops were grown, and the defendant, John R. Davis. If their relationship with respect to the said land, as established by the contract, was that of vendor and vendee, then the intervener, claiming under the owner of the land, has no lien upon the crops, and is not entitled to their possession. On the other hand, if Davis cultivated the land, under the contract, as a tenant of L. J. King, owner of the land, the intervener, as assignee of the rent note executed by the tenant and payable to the landlord, has a lien upon the crops, superior to that of plaintiff for advancements. C. S., 2355.

On 10 February, 1926, John R. Davis executed his note for $500, payable on or before 15 November, 1926, to the order of L. J. King. This note contains a recital as follows: "This is for rent for the year 1926 of a part of the old Hawks Place of about thirty (30) acres (it being for that part of said place on which his former residence is located), situated in Warren County, Hawtree Township." The note was transferred and assigned by L. J. King to the intervener. On 23 November, 1926, John R. Davis paid to the intervener, to be credited on said note, the sum of $263.80. No other payment has been made on the note. The crops in controversy were grown during the year 1926 by John R. Davis upon the land described in the note.

Contemporaneously with the execution of the said note, L. J. King entered into an agreement with John R. Davis, which was in writing and is as follows:

"Warrenton, N. C., 10 February, 1926.

"Having this day rented John R. Davis about thirty acres of my land, known as the old Hawks Place, situated in Warren County, Hawtree Township, N. C. (it being for that part of said place on which the resi-

dence is located), I hereby agree to sell him said place at the price of eighty dollars ($80) per acre, on or before 15 November, 1926, provided he pays me the full sum of $500 for rent of said place for the year 1926.

"Time is the essence of this agreement. Should the $500 be paid as outlined above, I will sell him said place at $80 per acre, deducting the $500 from this price, he giving me deed of trust and notes for the full amount of the balance of the purchase price of said land. All notes to bear 6 per cent interest, and payable annually, one note for one-fourth, pay 15 November, 1927, 1928, 1929 and 1930.

"L. J. King.

"Witness: B. L. Newell."

Plaintiff's contention that by virtue of this contract the relation of vendor and vendee was established between L. J. King and John R. Davis cannot be sustained. By the terms of the contract, John R. Davis had an option to purchase the land, provided he paid to L. J. King, his lessor, on or before 15 November, 1926, the sum of $500. It does not appear that he paid the said sum, or undertook to exercise his option, certainly at any time prior to the date of the lien given by him to plaintiff for advancements, or at any time prior to the making of said advancements by plaintiff. At the time the advancements were made, no change in the relationship established by the contract, had been made.

In *Burwell v. Warehouse Company,* 172 N. C., 79, construing a contract similar in all essential features to that involved in this action, this Court held that the relationship between the parties thereto was that of landlord and tenant, and not that of vendor and vendee. It is there said: "The agreement in this case does not create the relation of vendor and vendee, as contract of sale does not appear upon the face of the paper to have been perfected. The effect of the instrument appears upon its face to give to Arrington an option on the place and a definite time within which to exercise his right. It is expressly provided that time shall be of the essence of the contract. Under such conditions, we see no reason why it was not competent for the parties to occupy the relation of landlord and tenant towards each other pending such period."

It was there held that the owner of the land, by virtue of his statutory lien as landlord, was entitled to recover possession of the crops.

*Burwell v. Warehouse Company* is cited with approval in *Jerome v. Setzer,* 175 N. C., 391, and is authoritative upon the question presented by this appeal.

The only interest which John R. Davis had in the land upon which the crops involved in this action were grown, at the time plaintiff agreed to make advancements to him, or at the time the advancements were made, was as tenant or lessee of the owner of the land. Plaintiff's lien for advancements is subject to the lien of the landlord for rent by the express provisions of the statute. C. S., 2480. There was no error in the judgment that the intervener, as assignee of the landlord, recover possession of the crops for the purpose of enforcing its lien.

The rent to be paid by the tenant to the landlord was fixed by contract between the parties prior to the making of advancements to the tenant by plaintiff. It is immaterial whether such rent was reasonable or not. Plaintiff made the advancements after the rental contract had been made. Its lien for advancements is subject to all the terms of the rental contract, which it could have ascertained before making the advancements. The contract between the landlord and his tenant, as to the amount to be paid as rent cannot be altered, certainly in the absence of allegations and proof of fraud, in accordance with the contentions of plaintiff.

It should be noted that no controversy between the parties to the rental contract is involved in this action. Both the plaintiff and the intervener rely upon statutory liens in support of their claims to the crops made by defendant Davis upon land which he rented from L. J. King. We find no error. The judgment is

Affirmed.