THE TURNAGE COMPANY, INC., v. W. Z. MORTON, T/A MORTON'S WAREHOUSE.

(Filed 7 April, 1954.)

**1. Agriculture § 5d—**

A warehouseman selling the crop of a tenant covered by a registered lien for advancements may be held liable by the lienholder for the amount paid to the tenant for the crop which the tenant fails to apply to the lien.

**2. Warehousemen § 4—**

A warehouseman may not deny liability to a lienholder on the ground that his business is affected with a public interest, or that he was agent neither for the buyer nor the seller.

**3. Appeal and Error § 40d—**

Where the parties waive a trial by jury and agree that the presiding judge find the facts under G.S. 1-184, the judgment will be reviewed in the light of the court's findings and not the facts alleged in the pleadings.

**4. Appeal and Error § 6c (2)—**

An exceptive assignment of error to the judgment presents the sole question whether the facts found are sufficient to support the judgment.

**5. Waiver § 2—**

Waiver is based upon an express or implied agreement.

**6. Estoppel § 5—**

Estoppel is based upon acts or conduct precluding a party from asserting a right.

**7. Trial § 55—**

Where different inferences can be drawn from the evidence in a trial by the judge under agreement of the parties the ultimate issue is for the court.

**8. Estoppel § 11b—**

Waiver or estoppel is an affirmative defense and the burden is upon defendant to establish sufficient facts to support the plea.

**9. Estoppel § 11c: Agriculture § 5d—**

In an action by the owner of a crop lien for advancements against the warehouseman selling the crop, findings that the crop was in the possession of the landlord, that the lienholder made no objection to the sale of the

crop by the landlord and the tenant but expected to be paid out of the proceeds of sale, and that the lienholder knew that the landlord and tenant had sold a quantity of tobacco at defendant's warehouse on a previous date during the same season, *are held* insufficient in law to constitute a waiver or estoppel of the lienholder.

**10. Same—**

In order for the owner of a registered crop lien for advancements to be estopped from asserting his rights as against the warehouseman selling the crop, it is necessary that the lienholder constitute the tenant, by express or implied agreement, his agent to sell the crop for their joint benefit and account to the lienholder for the amount due him out of the proceeds of sale.

APPEAL by defendant from *Frizzelle, J.,* heard at September Term, 1953, judgment signed 28 October, 1953, of PITT.

Civil action by plaintiff, owner of recorded agricultural liens and chattel mortgages executed by a tenant as security for advancements, against defendant, operator of a tobacco sales warehouse, to recover one-half of proceeds of sale of tobacco on which the plaintiff held said liens on account of defendant's sale thereof for tenant and payment of proceeds of sale to tenant.

Stipulations set forth in a pre-trial order entered at August Term, 1953, include the following:

1. "On or about January 2, 1952, one Jasper Hopkins executed and delivered to the plaintiff, The Turnage Company, Inc., an Agricultural Lien and Chattel Mortgage to secure advances in the amount of $1,085.00, under the terms of which he conveyed to the plaintiff all crops grown by him in the year 1952, on the lands of Mrs. Athleen Pruitt located in Pitt County, which Agricultural Lien and Chattel Mortgage was duly filed for registration on February 1, 1952, in the office of the Register of Deeds of Pitt County, North Carolina, in Book 86, at page 245."

2. "On or about July 30, 1952 the said Jasper Hopkins executed and delivered to the plaintiff an Agricultural Lien and Chattel Mortgage, under the terms of which he conveyed to the plaintiff all crops to be grown by him in the year 1952, on the lands of Mrs. Athleen Pruitt located in Beaver Dam Township, Pitt County, adjoining the lands of Charlie Sutton, Jimmy Sutton and Mack Smith, to secure advances not to exceed $300.00 and existing indebtedness in the amount of $1,322.17, which instrument was filed for registration on August 9, 1952, in Book 104 at page 924 of the Pitt County Public Registry."

3. "On September 12, 1952 Jasper Hopkins and Mrs. H. L. Pruitt sold jointly 1120 pounds of tobacco for the sum of $504.80 (before warehouse charges) at the defendant's warehouse. That payment for the tobacco

was made by the defendant, trading as Morton's Warehouse, one-half to Jasper Hopkins and one-half to Mrs. H. L. Pruitt."

At September Term, 1953, the parties, under G.S. 1-184, waived a jury trial, agreeing that Judge Frizzelle, then presiding, hear the evidence, state his findings of fact and conclusions of law and enter judgment out of term and at the convenience of the court. The findings of fact, conclusions of law and judgment were signed at Greenville, N. C., 28 October, 1953, during the October Term, 1953.

Incorporated in the findings of fact are the undisputed facts previously stipulated, and in addition the findings of fact include the following:

"5. That during the year 1952, Jasper Hopkins was a tenant on the lands of Mrs. Athleen Pruitt in Beaver Dam Township, Pitt County, near the Belle Arthur Community, and that Jasper Hopkins had a one-half interest in six (6) acres of tobacco which was raised jointly by Mrs. Pruitt and Jasper Hopkins in 1952."

"7. That the tobacco which was sold by Jasper Hopkins and Mrs. Pruitt at Morton's Warehouse on Sepetmber 12, 1952, was raised on Mrs. Pruitt's farm and was a portion of the tobacco described in the Agricultural Liens and Chattel Mortgages executed by Jasper Hopkins to the plaintiff.

"8. That the sale of the tobacco at Morton's Warehouse on September 12, 1952 was conducted by W. Z. Morton and his son.

"9. That Jasper Hopkins received the net sum of $244.75 for his share of the tobacco that was sold at Morton's Warehouse on September 12, 1952.

"10. That no part of his share in the sale of tobacco on September 12, 1952, was ever received by the plaintiff to be applied to his indebtedness to the plaintiff.

"11. That at the time of the sale on September 12, 1952, Jasper Hopkins was indebted to the plaintiff in the amount of $1,420.10 for advances which had been made by the plaintiff to said Hopkins, for the purpose of raising crops in 1952, and at the time this action was instituted, there remained due the plaintiff, the sum of $1,025.13."

The foregoing stipulations and findings of fact establish the matters alleged in the complaint.

The answer of the defendant denied for lack of knowledge or information sufficient to form a belief the material allegations of fact alleged in the complaint. In addition, the defendant pleaded nonliability for that he operated an auction sale warehouse, a business affected with a public interest, was not agent either for the seller or for the buyer, etc.

The record shows that at November Term, 1953, Judge Frizzelle, then presiding, in the exercise of his discretion, allowed the defendant to file

an amendment to his answer, which said amendment alleged, as a further defense, the following:

"That the plaintiff, by its acts and conduct in allowing the landlord Mrs. Pruitt and the mortgagor-tenant Hopkins to retain complete possession of the mortgaged tobacco at all times and to hold the mortgage (*sic*) out to the world as their own, and in allowing, consenting to and not forbidding the landlord and the mortgagor to make the sale of the mortgaged tobacco on 12 September 1952, at the defendant's warehouse, when plaintiff had actual knowledge that said landlord and mortgagor had made a prior sale of the mortgaged tobacco at defendant's warehouse on 29 August 1952, has waived its Agricultural Liens and Chattel Mortgages as against this defendant and is estopped to claim and assert said Agricultural Liens and Chattel Mortgages against this defendant; and such waiver and estoppel is specifically pleaded in bar of a recovery by the plaintiff."

Judgment was entered in favor of the plaintiff for $244.75 plus interest and costs. The defendant excepted to the judgment and appealed, assigning as error "the entry of the judgment in this case."

*Lewis & Rouse for plaintiff, appellee.*
*James C. Lanier, Jr., and W. T. Joyner for defendant, appellant.*

BOBBITT, J.   Under the stipulations and findings of fact stated above, nothing else appearing, the plaintiff was entitled to judgment.   *White v. Boyd,* 124 N.C. 177, 32 S.E. 495.

In *White v. Boyd, supra,* Crowder, a cropper on the land of plaintiff White, took the tobacco to the sales warehouse of the defendants where it was sold by them at public auction.   The sale to the highest bidder was completed and the sale price paid to Crowder, less a commission to the defendants as compensation for their services.   Crowder had given to the plaintiff Green a mortgage on the crop.   In addition, the plaintiff White, owner of the farm and landlord of Crowder, had mortgaged the crop to the plaintiff Green.   Plaintiffs' action to recover the amount the defendants received for the tobacco upon their sale thereof at the instance of Crowder was nonsuited, apparently upon the theory that the defendants were mere intermediaries and did not occupy the status of agent for Crowder.   This Court reversed, the explicit holding being that the defendants sold the tobacco as agents for Crowder; that there was a wrongful conversion by the defendants; and that the plaintiffs could waive the tort and sue both Crowder and the defendants on the basis of money wrongfully had and received.

The facts alleged in the original answer are insufficient in law to constitute a defense to plaintiff's action.   It was so held in *Credit Co. v.*

*Satterfield,* 218 N.C. 298, 10 S.E. 2d 914, where *Seawell, J.,* says: "The particular objection based on defendants' immunity as public warehouse-men has been decided adversely to them by this Court in *White v. Boyd,* 124 N.C. 177, 32 S.E. 387. See, also, *Burwell v. Cooperative Co.,* 172 N.C. 79, 89 S.E. 1064; *Nowell v. Basnight,* 185 N.C. 142, 116 S.E. 87; *Roebuck v. Short,* 196 N.C. 61, 144 S.E. 515; *Furniture Co. v. Clark,* 191 N.C. 369, 131 S.E. 567."

The further defense alleged in the amendment to answer quoted above affords the basis for the position taken by the defendant upon this appeal. It is unnecessary to pass upon whether the facts as alleged are sufficient to constitute a waiver or estoppel, for, in our view, the findings of fact relative to this subject are insufficient to show that the plaintiff waived its liens or is estopped to assert them.

We look to the findings of fact. It has been held repeatedly that an exceptive assignment of error challenging the correctness of the judgment, where jury trial is waived under G.S. 1-184, presents one question, that is, whether facts found are sufficient to support the judgment. *Swink v. Horn,* 226 N.C. 713, 40 S.E. 2d 353, and cases cited.

The only finding of fact relative to the affirmative defense of waiver or estoppel is No. 12, viz.:

"12. That the tobacco crop remained in possession of the landlord, Mrs. Pruitt. The plaintiff expected the tobacco *to be sold* and to have its Agricultural Lien paid from the proceeds. Plaintiff made no objection to the sale of the tobacco by Mrs. Pruitt and Hopkins; however, *there was no agreement that Hopkins and Mrs. Pruitt should sell the tobacco.* (Emphasis added.)

"Where there is an Agricultural Lien securing advances, it is the customary procedure for the landlord and tenant to retain possession of the crops and to sell the tobacco at the various tobacco markets in the area. Plaintiff did not know where or when landlord or mortgagor would be selling the tobacco. After the tobacco market opened, and before the sale in question on 12 September 1952, the plaintiff knew that a quantity of the mortgaged tobacco had been sold at the warehouse of the defendant on a certain date, to-wit: 29 August 1952."

The trial judge held that these facts do not constitute a waiver or an estoppel. We agree. At most, they are evidential circumstances bearing upon the ultimate issue of fact, viz.: Did the plaintiff constitute Hopkins his agent to sell the tobacco for *their joint benefit* and account for the amount due him out of the proceeds of sale? The rule to be applied is analogous to that applied in respect of a landlord's lien in *Hall v. Odom, ante,* 66, decided at this term. Waiver embraces the idea that the lien-holder by agreement, express or implied, has waived his lien. Estoppel embraces the idea that by his acts and conduct the lienholder is precluded

from asserting his lien. Where different inferences can be drawn from the evidence the ultimate issue is for the jury or, when jury trial is waived, for the trial judge. Where there is a valid recorded lien, as here, waiver or estoppel is an affirmative defense; and before the defendant can prevail he must prove facts sufficient to establish the ultimate issue raised by his plea. An affirmative finding of fact in his favor is required. No such finding of fact was made. The facts as found are insufficient in law to constitute a waiver or an estoppel. The failure of the defendant to establish the factual basis for such alleged affirmative defense necessitates decision affirming the judgment.

Affirmed.