### W. F. JONES *v.* A. B. HILL.

*A* was assignee of a mortgage creditor, and at a sale by the mortgagee, made under a power in the deed, bought the land mortgaged ; *B* had previously purchased the mortgagor's interest in the land, and then had let the land for a year to *C*, who was in possession : *Held*, that *A*, upon making demand for posession upon *C*, could recover from him rent due for the year of his tenancy.

*Also*, that C had a right to enquire, by an account in the case, whether the price given by *A* upon his purchase exceeded the amount due to him as assignee of the creditor, and if so, then, as representing *B*, probably *C*, might have the benefit of the surplus, for the purpose of his defence.

(*Fuller* v. *Wadsworth*, 2 Ire. 263, and *Hyman* v. *Devereux* 63 N. C., 624, cited and approved.)

MOTION to vacate an injunction, heard by *Watts, J.,* January 19th 1870, at Chambers, HALIFAX Court.

The action in which the injunction had been ordered, was based upon the following facts:

In 1859 John Devereux sold certain lands to Gavin H. Clark, who executed a mortgage to secure the price, thereby empowering Devereux, in default of payment of the price, to sell the lands, &c.   Clark paid part of the price, and then sold his interest to Hyman, who gave his notes for the residue of the purchase money, to Mrs. Elizabeth Jones, who, as assignee of Devereux, held the unpaid notes of Clark.   Afterwards she assigned them to the plaintiff.   Hyman took possession of the land, and leased it to the defendant for the current year beginning January 1st 1869.   On the 26th of August 1869 Devereux sold the land, under the power, and the plaintiff became the purchaser.   Soon afterwards he demanded possession of the lands from the defendant, which was refused.   He then (10th Nov. 1869) commenced this action, to recover the rent for 1869, which he claims to be $1,500.   The complaint alleged that the defendant is insolvent and is disposing of the crop, and prayed for an injunction to restrain the defendant in the meantime, from disposing of more of it.

An answer put in by the defendant, admitted the charge of insolvency, and that he had sold a part of the crop.

The Judge granted, and, on a motion to vacate, continued, the injunction; and the defendant appealed.

*Rogers & Batchelor,* for the appellant.

1. The action is *for rent,* and therefore has been brought too soon.

2. The action is not brought for *the land;* if it be said that the plaintiff may maintain a suit for that, as purchaser.

3. He makes no case for an injunction: C. C. P. §§188, 189.

*Bragg, contra.*

1. The mortgagee may treat the lessee either as trespasser or as tenant, Crabb, Real Prop. §2217, *Pope* v. *Briggs,* 9 B. & C. 245; much more may the plaintiff, after the sale under the power, having rights of both mortgagor and mortgagee.   Coote Mortg. Part 1, 332 to 334; *Lane* v. *King* 8 Wend. 584; *Crews* v. *Pendleton,* 1 Leigh 297; *Shepherd* v. *Philbrick,* 2 Denio 174; *Jones* v. *Thomas,* 8 Blackf. 428.

2. Although plaintiff may not be *in privity* with the defendant, yet this action can now be considered as one in equity, as well as at law.

3. As defendant admits his insolvency, and that he is about to remove the crop, having already removed a part of it, the plaintiff is entitled to an injunction.

RODMAN, J.   (After stating the facts as above.)   Under the facts of this case, Hyman must be regarded as a mortgagor, and the plaintiff as a mortgagee, of the lands mentioned in the complaint, *Hyman* v. *Devereux,* 63 N. C. 624. If a mortgagor remains in posession after the forfeiture of the property, he remains only by permission of the mort-

gagee. In such case the mortgagor has been sometimes called a tenant at will or sufferance, and sometimes a trespasser; but he is properly neither; his position cannot be more accurately defined than by calling him a mortgagor in possession, but he may be ejected at any time by the mortgagee, without notice, *Fuller* v. *Wadsworth*, 2 Ire. 263. The mortgagee is entitled to the estate with all the crops growing on it, by Buller J. in *Birch* v. *Wright*, 1 T. R. 283; Coote on Mortgages 333, 339; Liffords case 11 Co. 51; Doe. dem. *Fisher* v. *Giles*, 5 Bing. 421, (15 E. C. L. 485); *Roby* v. *Maisey*, 8 B. & C. 769, (15 E. C. L. 377); *Parsley* v. *Day*, 2 Q. B. 14, (42 E. C. L. 612.)

There is no injustice in this, because the land, including all its products, is a security for the mortgage debt, and to that extent, the property of the mortgagee. The mortgagor has no right to make a lease, to the prejudice of the mortgagee; the lease is void if the mortgagee elects to hold it so; Coote on Mortgages, *ubi. sup.; Keech* v. *Hall*, Dougl. 21; *Birch* v. *Wright, ubi. sup.; Pope* v. *Biggs*, 9 B. & C. 245. (17 E. C. L. 358.)

If the mortgagor could lease, he might altogether defeat the claim of the mortgagee.

By his purchase on 26th August, the plaintiff acquired the legal estate, in addition to his previous rights as mortgage creditor: he purchased the land and all the crops growing on it. Hyman, if he had been in possession, would not have been entitled to emblements, neither is his lessee. In this case, however, the plaintiff elected to confirm the lease, and therefore he is entitled to no more than the reasonable rent, which is all he demands. *Coote on Mortgages*, 334.

If indeed the amount of the purchase money overpaid the sum due the mortgagee, Hyman would be entitled to the surplus, and the defendant, as the assignee of Hyman, would probably be entitled to be subrogated to his rights, to the amount of the rents payable by him. If the defendant shall desire it in this case, he will be entitled to have an

JONES *v.* HILL.

account of the mortgage debt taken, in order to ascertain whether it has been overpaid. In that case the defendant must amend his pleadings, so as to present the issue, and the executors of Hyman should be made parties, in order that they be bound by the account. The right of the defendant to this account, arises from the fact that the plaintiff unites the double character of mortgage creditor and purchaser; as purchaser alone he would not be affected by the state of the account.

Whether a mere creditor without any specific lien, is entitled to the provisional remedy of a seizure of his debtor's property, upon the allegation that he is about to dispose of it, and whether a landlord is entitled to such remedy for the recovery of rent, except as given by the Act concerning Landlord and Tenant, 1868–9, ch. 156, p.355, need not be considered. In this case the plaintiff does not claim, either as a mere creditor, or as a landlord, but as the owner of the whole crop in specie, and as having a specific property in every part of it. That he does not in fact claim the whole, but only a reasonable share of it as rent, cannot impair his remedy for that part.

Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.