F. M. KEATHLY v. A. B. BRANCH.

*Parties—Practice.*

1. In an action to recover land, where it appeared that the defendant in possession had mortgaged the land, and the same had been sold under a power in the deed on default of payment of the secured debt, the purchaser at such sale has the right upon affidavit to be let in as party defendant.

2. In such case it is error to proceed with the trial until the question as to the right of the applicant to be made a party has been heard and finally determined.

(*Rollins* v. *Rollins*, 76 N. C., 264; *Lytle* v. *Burgin*, 82 N. C., 301; *Jones* v. *Hill*, 64 N. C., 198; *Gwyn* v. *Welborn*, 1 Dev. & Bat., 313; *Parker* v. *Banks*, 79 N. C., 480, cited and approved.)

CIVIL ACTION to recover land tried at August Special Term, 1880, of DUPLIN Superior Court, before *Schenck, J.*

Verdict and judgment for plaintiff, appeal from the ruling of the court below, as set out in the opinion.

*Mr. H. R. Kornegay,* for plaintiff.
*Messrs. Allen & Isler,* for appellant.

SMITH, C. J.   At the term to which the summons in the action is returnable, the appellant, John D. Stanford, on his application and affidavit of ownership of the land, of which the plaintiff seeks to recover possession, is made a party defendant and files a separate answer, denying the allegations of the complaint, and averring title in himself. The defendant, Branch, also denies the plaintiff's allegations.   No objection was then made to the order of the court, nor for nearly two years thereafter, until a special term held in August, 1880, when the presiding judge vacated the order as having been made without previous no-. tice to the plaintiff, and thereupon the motion is renewed, and supported by a second affidavit, in which it is stated that the defendant, Branch, conveyed the land in dispute by a deed of mortgage in April, 1877, to one Matthew Moore, to secure a debt of $300 due the mortgagee, with power of sale, by virtue of which, after the maturity of the debt, the land was sold and purchased by the applicant (Stanford), and a deed therefor executed to him, conveying the title. His Honor denied the motion, for that, the appellant had never had possession of any part of the lands described in plaintiff's complaint, and did not connect himself with the possession of the same in any way, as was admitted by his counsel, and, notwithstanding the appeal from this ruling, proceeded with the trial of the cause between the original parties.   The jury found the issues in favor of the plaintiff, and he had judgment accordingly.

It is very clear that a claimant for land in dispute between other parties to a suit, and not connected with, or

interested in that controversy, nor injuriously affected by its result, cannot be allowed to intervene and assert his own independent title. This would be in effect to make a double action, and introduce new issues foreign to the original subject of controversy, and not within the scope of either section 61 or 65 of the code. But this is not the condition of the applicant in the present case. He has a direct relation to, and interest in the retention of the possession by the mortgagor for himself, and in preventing the plaintiff's recovery, and this is " *adverse to the plaintiff*," and in harmony with the defence. As the defendant holds permissively under the applicant, the latter is but protecting his own, while he protects the possession of the occupant. The practice which prevails in such cases is declared in *Rollins* v. *Rollins*, 76 N. C., 264, and is reaffirmed in *Lytle* v. *Burgin*, 82 N. C., 301. It is there held, that at common law every landlord has the right to be admitted to defend with or without the tenant, and that under the term " landlord " all persons have the right to come in as parties, " whose title was connected or consistent with the occupier, and is divested or disturbed by any claim adverse to such possession, and that it is not necessary they should have exercised previously any acts of ownership in the land," and it was declared that the same right exists under the Revised Code, and under C. C. P., § 61, and that " on the interest of the party being manifested by affidavit, the application *was to be passed on as a question of right in law, and not to be granted or refused, as a matter resting in the discretion of the judge.*"

What then are the relations subsisting between the defendant and the applicant? On the execution of the mortgage, and after default in payment of the secured debt, the mortgagor, for most purposes, becomes a tenant to the mortgagee, and upon a sale of the land he sustains, when allowed to remain in possession, the same relation to the purchaser. " If a mortgagor remains in possession after forfeiture of

the property," says RODMAN, J., in *Jones* v. *Hill,* 64 N. C., 198, " he remains only by permission of the mortgagee. In such cases the mortgagor has been sometimes called a tenant at will or sufferance, and sometimes a trespasser, but he is properly neither. His position cannot be more accurately defined than by calling him a mortgagor in possession, but he may be ejected at any time by the mortgagee, without notice."

" The possession of the mortgagor, or of those who claim under the mortgagor," remarks GASTON, J., " is the possession of the mortgagee." *Gwyn* v. *Wellborn,* 1 Dev. & Bat., 313.

" It is well settled," observes BYNUM, J., " that the mortgagor is the tenant of the mortgagee, and therefore his possession is not hostile or adverse to the mortgagee." *Parker* v. *Banks,* 79 N. C., 480.

A mortgagor may be considered a tenant for the purpose of enabling the mortgagee to maintain an action against a trespasser, and if the mortgage be transferred, the mortgagor becomes tenant to the assignee. Coote on Mort. 320, 324. It is manifest, therefore, that the appellant was wrongfully denied the opportunity to come in and defend the possession of the defendant, and in this there is error.

While under the ruling, the trial proceeded to its conclusion, adverse to the defendant, the result cannot impair the right of the appellant still to become a party to the cause, and to make up and retry the issue his answer may raise in controverting the claim of the plaintiff. The action should have been stayed, pending the appeal, to await its determination, and thus a double jury trial avoided, but as this was not done, the writ of possession should be withheld until the plaintiff's controversy with the intervening appellant and the issues between them are also settled.

No question is made as to the ruling of the court, in

striking out the first order making the appellant a party, and we express no opinion upon it.

There is error, and this will be certified to the end that further proceedings be had in the court below in conformity with this opinion.

Error.                                             Reversed.