### D. Y. COOPER v. D B. KIMBALL.

(Decided October 18, 1898.)

### *Mortgage—Agricultural Lien.*

1. A mortgage on a crop not expressed to be for advances to be made and not recorded in 30 days after its execution has no rights as an agricultural lien by virtue of *The Code*, Section 1799, and its amendment, Acts 1889, Chapter 476.

2. An agreement, after default, between mortgagor and mortgagee that the mortgagor was to remain in possession as tenant, would confer a landlord's lien upon the mortgagee.

CIVIL ACTION tried before *Bryan, J.*, and a jury at May Term, 1898, of the Superior Court of VANCE County.

The complaint alleges, that on July 12, 1897, at a foreclosure sale, under a deed of trust, of the lands of H. F. Plummer and wife, the plaintiff became the purchaser of a 500-acre tract and thereafter within a very short time, by oral agreement, rented the land to said H. F. Plummer for the remainder of the year 1897 for one-fourth of the crops.

That upon the maturity of said crops grown upon the land, the defendant without plaintiff's consent and without notice to him, removed the crops from said land and applied the same to his own use and refused to surrender the same to the plaintiff, upon demand.

Also, that the defendant has received from H. F. Plummer, plaintiff's tenant, and the sub-tenants on said land $278.68, the proceeds of cotton and tobacco grown upon the land, to which the plaintiff is entitled on account of said rents.

The answer of Kimball, defendant, denies the allegations of the complaint, and alleges, that on March 31,

1897, H. F. Plummer, with consent of his wife, executed to this defendant a mortgage on the interest of said Plummer and wife on the crops to be made during said year on said land to procure from defendant advances and supplies to cultivate their crops; on the credit thereof the defendant furnished them from time to time money and supplies to the amount of $314.40, of all of which, it is averred, the plaintiff was aware.

That defendant's lien or mortgage on said crops was delivered to the Clerk for probate and registration some time before the sale, but was by some oversight of the Clerk not delivered to the Register for registration until five minutes after the filing for record of the plaintiff's deed from the trustee.

It is denied, that plaintiff rented to Plummer the said land for the remainder of the year 1897 or. that there was any surrender to plaintiff of said land by Plummer or wife until after the crops of 1897 were gathered, and it is averred that there could not have been any renting or surrendering of said land by the Plummers to the plaintiff after the execution and registration of defendant's lien and mortgage to the prejudice of defendant's rights in said crops.

The defendant denies the removal of any seed cotton of the crop of 1897, but admits the removal, with consent of the Plummers of a lot of corn in the shuck, not exceeding 55 barrels, worth not exceeding $96.25, and admits that 17 barrels of the corn was removed, after he understood the plaintiff to object to the removal, but alleges that his money entered into the production of said crops, and that he was advised and believed that he had the right to receive and remove said corn and apply it to his own use.

There was evidence in support of the pleadings on both sides.

The issues submitted to the jury were:

1. Is the plaintiff the owner and entitled to the possession of the property described in the complaint?

2. Does the defendant wrongfully withhold the possession of the same or any part thereof?

3. What is the value of the crops taken and removed by the defendant from the Plummers land?

4. What damage has plaintiff sustained?

His Honor charged the jury as follows:

The contention of the plaintiff is that he bought the land under a trust deed, and took a deed at once, dated July 12th, 1897, and registered July 12th, 1897, at 12:25 P. M.; that his deed was registered before Kimball's lien. That after buying said land Plummer rented the land and agreed to pay one-fourth of the crop.

The contention of defendant is, that he had a lien on Plummer's interest in the crops, and that although the lien was not registered within 30 days after its execution, yet that it was registered before the surrender of the land and agreement to pay rent to Cooper, and that he is entitled to a lien in preference to Cooper.

If the plaintiff has satisfied the jury by a preponderance of the evidence that the contention made by him is true, the jury should answer the first issue "*Yes*" if the defendant took the rent, one-fourth of the crop, or the proceeds of it.

The defendant in apt time prayed certain special instructions, the first of which was:

"If the jury believe the evidence the defendant had a *bona fide* mortgage and lien on H. P. Plummer's interest in the crops of 1897 for $314.20."

His Honor gave this special instruction but added "as

between the parties thereto" and declined to give the rest. As the case was finally decided irrespective of these it is unnecessary to state them.

The jury found all the issues in favor of plaintiff and assessed his damages at $95.

The defendant excepted at the trial and does except and assign as error the charge of his Honor as given in that:

1. His Honor instructed the jury that if you believe the plaintiff's contention, he has the prior lien.

2. Whereas, as defendant contended, if the jury believe that defendant's claim and debt are *bona fide*, plaintiff is not entitled to recover.

Judgment for plaintiff and appeal by defendant.

*Mr. T. T. Hicks*, for defendant (appellant).

*Messrs. A. C. Zollicoffer* and *T. M. Pittman*, for appellee.

CLARK, J.: The land was sold on July 12, 1897, under the deed of trust, the purchaser immediately, during the preparation of the deed, entertained negotiations with the mortgagor, giving him the option to buy back the property or pay rent, his decision to be made in ten days, and he continued in possession in consequence. The trustee's deed to the purchaser was filed for registration the same day, and a few moments thereafter the defendant filed in the same office a mortgage on the crop, which had been executed on the 31st of March, 1897. This is not expressed to be for advances to be made, and besides it was not recorded within thirty days after its execution, and therefore has no rights as an agricultural lien by virtue of *The Code*, Section 1799, and its amendment, Acts 1889, Chapter 476, and *Kille-*

*brew* v. *Hines*, 104 N. C., 181, has no application. It is simply a mortgage which had no effect as to third parties till its registration, and at that time the land with the growing crop thereon had already passed by the filing of the trustee's deed to the plaintiff. *Jones* v. *Hill*, 64 N. C., 198, cited in 104 N. C. at page 195. The sale and conveyance to the purchaser were a most effective assertion of ownership and possession as against third parties, and the mortgagor so recognized it also, as against himself, by treating with the purchaser for the renting or purchase of the property and remaining in possession under an option given him by the purchaser. Indeed, there being no agricultural lien, or recorded mortgage on the crop, even if there had been no sale and conveyance to the purchaser, an agreement after default between the mortgagor and the mortgagee that the former was to remain in possession as tenant, would confer a landlord's lien upon the mortgagee. *Jones* v. *Jones*, 117 N. C., 254, cited and approved in *Ford* v. *Green*, 121 N. C., 70. The plaintiff is entitled to recover. *Code*, Section 1754.

No error.