J. P. LEACH & CO. v. W. R. CURTIN and FLORENCE L. CURTIN,
his wife; and B. R. BROWNING and HOWARD
BROWNING, partners as B. R. Browning & Son.

(Decided October 18, 1898).

*Mortgages—Rents—Foreclosure.*

1. Rents and profits, until entry by the mortgagee, belong to the mortgagor, and are assignable by him.

2. Right of possession of the mortgagor is not terminated by an action simply to foreclose, until some order of the Court affecting the right, or demand in *pais.*

3. The holder of a 1st, 3d and 4th mortgage, who takes possession under an agreement with the mortgagor to apply the rents and profits to the debts secured by his mortgages, without other specification, is not accountable to the holder of the 2d mortgage for rents and profits, and under such agreement he may apply a portion as a payment on one of debts, about to become barred by the Statute of Limitations.

CIVIL ACTION for foreclosure of mortgage, tried before *Norwood, J.,* at Spring Term, 1898, of the Superior Court of HALIFAX County. Action commenced 10th December, 1891.

The complaint asked for a foreclosure of a land mortgage executed by defendants, Curtin and wife, and no other relief. The Brownings were included as defendants, as claiming some interest in the land. W. R. Curtin and wife had made four mortgages on the land of different dates.

9 Nov., 1880  1. A first mortgage to Browning
& Son, to secure                    $422.46

15 Feb., 1881  2. A second mortgage to Leach &
Co., plaintiffs, to secure           500.00

6 April, 1881  3. A third mortgage to B. R.
Browning to secure                   800.00

4 Jan., 1885  4.  A fourth mortgage to Browning
                 & Son  to secure          338.29

Shortly after executing the last mortgage Curtin and wife, by a paper writing under seal, dated 10th January, 1885, and executed and delivered to Browning & Son, surrendered to them the possession of the mortgaged land, who were to keep possession and rent it out and collect the rents until they should pay off all the debts which Curtin and wife owed to B. R. Browning & Son and to B. R. Browning—the possession to be returned when the mortgage debts were paid.  Under this instrument the defendant, Browning & Son, took possession of the land and collected the rents up to and including the year 1897, which they applied first to the note dated January 4, 1885, for $338.29, and the surplus to the note dated April 6, 1881, for $800, except that the rents of 1885 were credited on the mortgage debt of November 9, 1880, for $422.46.

At Fall Term, 1893, there was a consent order of reference to David Bell, Esq., for trial under *The Code* of all issues of law and fact.

The referee having made his report, exceptions to the report were filed by the plaintiffs and by B. R. Browning & Son, defendants.

His Honor, at the present Term, tried the case upon the exceptions.  Those of the plaintiffs were overruled; those of B. R. Browning & Son were sustained, except one, No. 5, which was withdrawn.

The plaintiff excepts, because the Court overruled his exceptions.  He also excepts, because the Court sustained the exceptions of the defendants, and rendered judgment in accordance therewith.

The plaintiff appealed to the Supreme Court.

*Mr. Thomas N. Hill*, for plaintiffs (appellants).
*Messrs. R. O. Burton* and *E. L. Travis*, for appellees.

MONTGOMERY, J.: This case is before us on the appeal of the plaintiffs to the rulings of the Court below on exceptions filed by both the plaintiffs and the defendants to the findings of the referee. The referee reported, without exception on the part of either side, that the defendants Curtin and wife made four mortgages of different dates on their land; the first to secure Browning & Son a debt of (three notes of $140.82 each) $422.46; the second to secure a debt due to the plaintiffs of $500; the third to secure the defendant, B. R. Browning, a debt of $800, and the fourth to secure a debt due to the defendants, Browning & Son, in the sum of $338.29. On the 10th day of January, 1885, the defendants Curtin and wife executed and delivered to the defendants, Browning & Son, a paper writing in which they surrendered to them the possession of the mortgaged tract of land. Browning & Son were to keep possession of the land and rent it out, and collect the rents until they should collect enough to pay off and discharge all the debts which Curtin and wife owed to B. R. Browning & Son and B. R. Browning, the possession of the land to be returned when the mortgage debts should have been paid. Under that instrument the defendants, Browning & Son, took possession of the land at once, and collected the rents up to and including the year 1897. The present action was begun on the 10th day of December, 1891, and the complaint shows that it was for a simple foreclosure of the plaintiff's mortgage without any demand for a receiver to take charge of the rents. The defendants, Browning & Son, were brought into the action on the simple allegation in the complaint that they

had an interest in the land.  The defendants, Browning
& Son, applied the rents, with the exceptions of small
credits placed upon the debts secured in the first mort-
gage, toward the payment of the debts secured in the
mortgages junior to the plaintiffs' mortgage.  The ref-
eree found that the defendants, Browning & Son, had
the right to apply the rents which were collected up to
the bringing of this suit in that way, but that the rents
collected after the commencement of this action should
have been applied to the debt of Browning & Son se-
cured in the first mortgage, until it was paid off, then
to the plaintiffs' mortgage.  His Honor held that the
defendants, Browning & Son, had the right to apply the
whole of the rents as they had applied them.

There was no error in the ruling of his Honor.  The
rents did not belong to the plaintiffs.  They could only
get them as incident to their right of possession, and
possession was not asked for nor demanded by the plain-
tiffs either in *pais*, or in the complaint.  As we have
said, the complaint was one simply for foreclosure.

If Curtin and wife, then mortgagors, had been in pos-
session they would have been entitled to receive the
rents and profits without liability to account to any per-
son until entry made by the mortgagee.  Certainly
then, it follows that the plaintiffs cannot hold to ac-
count for the rents, the assignees of the defendants,
Curtin and wife.  *Killebrew* v. *Hines*, 104 N. C., 182.
The referee found that the notes dated November 9th,
1880, due to the defendants, Browning & Son, under
the first mortgage, were not barred by the Statute of
Limitations, and his Honor sustained the finding.  That
ruling of his Honor constitutes one of the plaintiffs' ex-
ceptions.  Out of the rents of 1885 the defendants,
Browning & Son, in that year made a small payment

upon each of the notes secured in the first mortgage. This they had the right to do. The debtors, Curtin and wife, had given them no instructions as to the particular manner in which the rents were to be applied.

There is no error in the rulings of his Honor and the judgment is affirmed.

Affirmed.