F. W. WHELESS v. W. P. EDWARDS ET AL.

(Filed 29 October, 1924.)

1. **Liens—Landlord and Tenant—Evidence—Burden of Proof—Payment.**

Evidence in this case that the plaintiff had received certain cotton from the cropper is competent upon the question as to whether he was a purchaser of defendant of the lands, or whether it was intended only as a payment of rent by the one in possession as defendant's tenant.

**2. Evidence—Pleadings—Admissions.**

> A part of the paragraph of the pleadings is competent as evidence, without the introduction of the whole, upon the facts of this case.

**3. Instructions—Appeal and Error.**

> An instruction will not be held for reversible error, if taken in its connection with the whole it is so connected as not to erroneously mislead the jury as to the principles of law arising from the evidence in the case.

APPEAL by defendants from *Grady, J.,* at February Term, 1924, of FRANKLIN.

Action for the recovery of cotton seized under claim and delivery and replevied by the defendants.

In 1922 the defendants agreed to sell to a colored man named Paul Jones certain tracts of land at the price of $5,000, of which $500 was to be paid in cash and the remainder in installments secured by a deed of trust. On 1 January, 1923, the grantors, W. D. Edwards, his wife, and her mother, signed a deed for the land and acknowledged the execution thereof before a notary public. On the same day Paul Jones, the proposed purchaser, and his wife made a deed of trust to secure the deferred payments and acknowledged the execution thereof before a justice of the peace. The deed and the deed of trust were probated by the clerk of the Superior Court on 4 December, 1923, and registered on the same day. Jones took possession of the land in December, 1922, and on 5 March, 1923, executed to the plaintiff an instrument in the nature of a crop lien and chattel mortgage on the crops to be grown during the year to secure advances and perhaps other indebtedness to the amount of $800. In the fall of 1923 he delivered to the plaintiff five bales of cotton and four bales to the defendants. The plaintiff claimed title to these four bales and brought suit to recover them. The defendants contended that in the latter part of January, 1923, Jones said he could not make the cash payment of $500 and then rented the land for the year; that he paid the four bales as rent, and afterwards renewed his trade for the purchase of the land. Edwards testified that he kept the deed and Jones kept the deed of trust from 1 January to 4 December, 1923. The plaintiff contended that Jones held the land under a contract of purchase and not as tenant. The issues were answered as follows:

"1. Is the plaintiff the owner of the four bales of cotton described in the complaint? Answer: 'Yes.'

"2. What was the value of said cotton on the date of seizure under claim and delivery? Answer: '$560.67.' "

Judgment for plaintiff. Appeal by defendants.

*White & Malone, Ben T. Holden and W. H. Yarborough for plaintiff.*
*T. T. Hicks & Son for defendants.*

ADAMS, J.　The controversy is simplified by the admission of the parties, as stated in the charge, that if the relation of landlord and tenant existed between Edwards and Jones on 5 March, 1923, the cotton in question is the property of the defendants and if such relation did not exist the cotton is the property of the plaintiff. The answer to the first issue depended upon a determination of this question. In reference to the issue his Honor instructed the jury that the burden was on the plaintiff to prove by the greater weight of the evidence that Jones was in possession of the land under a contract of purchase. This was correct; but to make good his contention it was not necessary for the plaintiff to show that the purchaser had received a deed for the land. If Jones held possession under such contract he did not hold possession as tenant. Edwards testified he had agreed to sell him the land and raised no question as to the sufficiency of the contract on the ground that it had not been reduced to writing. The deed, if not delivered until 4 December, was in fact signed and acknowledged by the defendants on 1 January, 1923. We do not regard the charge as susceptible of the construction that the execution and acknowledgment of the deed necessarily implied the consummation of the purchase. This evidence was competent on the question whether Jones had taken possession of the land as vendee and was evidently admitted for this purpose; for the paragraph referred to in the fifth exception contained merely a statement of the plaintiff's contentions. It seems to be apparent, then, that exceptions 1, 2, 4, 5, 8, 9, 10, 11 should be overruled. *Killebrew v. Hines,* 104 N. C., 182; *Warrington v. Hardison,* 185 N. C., 76; C. S., 2480, 2481.

The plaintiff introduced a part of the defendant's answer in which the defendants admitted they had applied the value of the cotton received from Jones as the cash payment for the purchase of the land, and the defendant objected on the ground that the plaintiff did not offer the remainder of the allegation, "and then and not before the deed and deed of trust were delivered by these defendants to the office of the register of deeds of Franklin County for registration, and only then did the contract of purchase go into operation." The admission of the evidence is in accord with these decisions: *White v. Hines,* 182 N. C., 275, 279; *Modlin v. Ins. Co.,* 151 N. C., 35, 39; *Hockfield v. R. R.,* 150 N. C., 419; *Stewart v. R. R.,* 136 N. C., 385; *Hedrick v. R. R., ibid.,* 510.

The defendant excepted to the instruction that "the delivery on the papers would have nothing to do with the case." They were delivered 4 December, 1923. Considered as a detached sentence this instruction may not be strictly accurate; but when considered in relation to other portions of the charge it does not constitute reversible error. It is obvious, we think, that the judge used the expression in emphasizing the instruction that under the admission of the parties the cardinal question was the relation existing between the defendants and Jones at the time the crop lien was executed; and this was about nine months before the deed was actually delivered.

The other exceptions present no sufficient ground for a new trial.

No error.