B. F. MONTAGUE v. ERNEST THORPE AND T. W. BREWER, TRADING AS S. W. BREWER & SON, AS INTERPLEADER.

(Filed 10 October, 1928.)

**Landlord and Tenant—Rent and Advancements—Liens.**

> Where a mortgagor has surrendered his land to the mortgagee, but continues thereon as tenant of the mortgagee in making the crop, and a third person makes advancements, holding a lien therefor, and the lienor knows of the surrender at the time he made the advancements, his lien is secondary to that of the landlord's for rent, and a paper-writing of the agreement of surrender between the landlord and tenant was not necessary.

APPEAL by interpleader from *Cranmer, J.,* at Third March Term, 1928, of WAKE. No error.

This action arises out of a controversy between plaintiff and the interpleader with respect to priority of liens upon certain crops grown by defendant, Ernest Thorpe, during the year 1925, and delivered to the interpleader by the sheriff of Wake County, who had seized the same under a writ of claim and delivery issued in this action.

On 1 January, 1925, the relation of mortgagor and mortgagee existed between defendant Thorpe and the plaintiff, with respect to the land upon which the crops were grown. The debt secured by the mortgage was past due, and defendant was unable to pay the same. Pursuant to an oral agreement between them, defendant Thorpe surrendered possession of said land to the plaintiff, and contemporaneously with such surrender Thorpe became the tenant of the plaintiff, agreeing to pay as rent for said land for the year 1925 the sum of $125.

Thereafter, to wit, on 21 March, 1925, defendant Thorpe executed a crop lien (C. S., 2480) to the interpleader, T. W. Brewer, trading as S. W. Brewer & Son, to secure the payment of advancements to be made to him. Prior to the date on which the crop lien was executed, and prior to the making of said advancements, as found by the jury, the interpleader had notice that defendant Thorpe was in possession of said land, and was cultivating same, as tenant of plaintiff.

It was agreed that the crops made by defendant Thorpe on said land during 1925, and delivered to the interpleader by the sheriff of Wake County, exceeded in value the sum of $125, interest and the costs of this action.

From judgment that plaintiff recover of the interpleader the sum of $125, with interest and costs, the interpleader appealed to the Supreme Court.

*Clyde A. Douglass for plaintiff.*
*Jones & Jones for interpleader.*

STATE *v.* EARP.

PER CURIAM. Plaintiff as mortgagee was entitled to possession of the land conveyed to him by the mortgagor, certainly after default in the payment of the debt secured thereby. *Weathersbee v. Goodwin,* 175 N. C., 234, 95 S. E., 491. The oral agreement by which defendant Thorpe, as mortgagor, surrendered possession of the land to the plaintiff, the mortgagee, was valid. The law does not require that such agreement shall be in writing, or that it shall be registered. The jury having found, from sufficient evidence, that the interpleader had notice of the oral agreement, and of the relationship existing between plaintiff and defendant Thorpe, by virtue of such agreement, the agreement was valid as against the interpleader. *Stevens v. Turlington,* 186 N. C., 192, 119 S. E., 210. The interpleader took his lien and made advancements under the same, with knowledge that defendant Thorpe was in possession of the land as tenant of the plaintiff. C. S., 2481, is therefore not applicable. Thorpe was not in possession of the land at the date of the lien as mortgagor, but as tenant. The crop lien was therefore subject to the lien of the landlord for rent.

The paper-writing signed by defendant Thorpe, containing statements relative to his title to the land, was properly excluded as evidence. It is clearly incompetent, upon the principle of *inter alios acta,* as evidence upon the only issue submitted to the jury. The judgment is affirmed. There is

No error.