ETHEL COLLINS AND HUSBAND, BRIGHT COLLINS, v. GORDON BASS.

(Filed 18 December, 1929.)

1. **Mortgages H m—Purchaser at foreclosure sale is entitled to immediate possession and to crops as against tenant of mortgagor.**

Where the mortgagee has not entered upon the mortgaged lands after the maturity of the note secured by the mortgage, or where the crops are severed before entry, he is not entitled to the crops; but otherwise where there is no reservation of the growing crops by the mortgagor, and the mortgagee has entered upon the land; and where the mortgagor under a prior registered mortgage has leased the lands, and the mortgage has been foreclosed, the purchaser at the foreclosure sale is entitled to the growing crops and the immediate possession of the mortgaged premises, the lessee being regarded as having only acquired the rights of the mortgagor, and as tenant-at-will of the mortgagee after the maturity of the debt.

2. **Landlord and Tenant D g—Lessee of mortgagor is not entitled to emblements as against purchaser at foreclosure sale.**

The right of the lessee of the mortgagor to the crops for the year in which they are planted as against the purchaser at the foreclosure sale of a prior registered mortgage rests at common law unaffected by statute, and the doctrine of emblements as against a remainderman and the statutes passed in regard to those furnishing money or material for the growing crops are not applicable. C. S., 2347, 2480, 2481.

APPEAL by defendant from *Clement, J.,* at August Term, 1929, of UNION. Affirmed.

Action brought by plaintiffs against the defendant to recover a certain tract of land. The court below found as facts and rendered judgment as follows:

"The defendant, Gordan Bass, rented the said lands for the year 1929, in the fall of 1928, from J. N. Davis (mortgagor), the holder of the legal title, and had begun a crop upon said lands at the time of the foreclosure

of the mortgage deed. The court being of the opinion that the plaintiff, as a matter of law, was entitled to recover, declined to submit any issues to the jury, but signed judgment, said judgment being as follows:

The above-entitled action coming on to be heard before the undersigned judge, and the jury having been empaneled to try the issues joined between the plaintiffs and the defendants, and the court, after hearing the pleadings read and the defendant admitting that J. N. Davis and wife executed a mortgage deed to Bettie J. Collins on 17 December, 1927, and that the same was registered on the same day in Book AV, at page 138, in the office of the register of deeds of Union County, North Carolina, covering the lands in controversy, and that a note was secured by the mortgage, maturing on 19 December, 1927, and that thereafter, to wit, on 30 March, 1929, the said Bettie J. Collins, mortgagee, foreclosed said mortgage and sold the same at public auction on said date, and that Ethel Collins became the last and highest bidder for said lands and that deed was made to her on 10 April, 1929, and registered on the same day in Book 69, at page 248;

And it further appearing to the court that the defendants agreed that the date of mortgage, as above set forth, and the date of the foreclosure proceeding as is herein stated, and also the date of the note secured by said mortgage, had matured, and it further appearing to the court that the defendant, Gordon Bass, claims to have rented said lands in the fall of the year 1928, and while said mortgage appeared there of record, and the court being of the opinion that as a matter of law the plaintiffs are entitled to the relief sought in said complaint, it is now, therefore, ordered, adjudged and decreed that the plaintiffs are the owners of, and entitled to the immediate possession of the lands described in the complaint, and that a writ of ejectment issue ejecting the defendant, Gordon Bass, from the land and placing the plaintiffs in possession of said lands and also that the plaintiffs recover of the defendant, Gordon Bass, the costs of this action.

And it further appearing to the court that the defendant, J. N. Davis, having disclaimed any interest in the matters involved in this action, as shown by his answer filed, he is permitted to go without day and recover of the plaintiffs any costs he may have expended."

The defendant excepted, assigned error and appealed to the Supreme Court.

*Vann & Milliken for plaintiffs.*
*W. O. Lemmond and John C. Sikes for defendant.*

CLARKSON, J. The question involved: Is the purchaser at a foreclosure sale under a mortgage entitled to recover possession of the prop-

erty from a lessee or tenant of mortgagor, claiming to hold under a lease made after maturity of the mortgage indebtedness? We think so.

In *Jones v. Hill,* 64 N. C., 199-200, citing numerous authorities, the law is thus stated: "If a mortgagor remains in possession after the forfeiture of the property, he remains only by permission of the mortgagee. In such case the mortgagor has been sometimes called a tenant at will or sufferance, and sometimes a trespasser;. but he is properly neither; his position cannot be more accurately defined than by calling him a mortgagor in possession, but he may be ejected at any time by the mortgagee, without notice. . . . That is no injustice in this, because the land, including all its products, is a security for the mortgage debt, and to that extent the property of the mortgagee. The mortgagor has no right to make a lease, to the prejudice of the mortgagee; the lease is void if the mortgagee elects to hold it so. . . . If the mortgagor could lease, he might altogether defeat the claim of the mortgagee." *Keathly v. Branch,* 84 N. C., 202; *Brewer v. Chappell,* 101 N. C., 251; *Killebrew v. Hines,* 104 N. C., 182; *Cooper v. Kimball,* 123 N. C., 120; *Montague v. Thorpe,* 196 N. C., 163.

Where the mortgagee has not entered, or where the crops are severed before entry, he has no right to them. *Killebrew's case, supra.*

In *Killebrew v. Hines, supra,* at p. 193, we find: "The case of *Brewer v. Chappell,* and *Coor v. Smith, supra* (101 N. C., 261), in so far as they are inconsistent with the principle declared in this opinion, are overruled."

The following principle is now well settled in this jurisdiction: 19 R. C. L., part sec. 444, p. 628: "It is generally held that if the sale is completed and title is vested in the purchaser while a crop is still unsevered and growing, and there has been no reservation or waiver of the right to the crop, the title and right to same will pass to the purchaser with the land. And this is true as against the mortgagor, as against his execution creditors, and as against a tenant or lessee holding under him by a lease subsequent to the mortgage."

In *Hayes v. Wrenn,* 167 N. C., at p. 230, we find the following: "Under the common law, 'the tenant for life, or his representative, shall not be prejudiced by any sudden determination of his estate because such a determination is contingent and uncertain. Therefore, if a tenant for his own life sows the lands, and dies before harvest, his executor shall have the *emblements* or profits of the crop, for the estate was determined by the act of God, and it is a maxim in the law that *actus die nemini facit injuriam.* The representatives, therefore, of the tenant for life shall have the emblements to compensate for the labor and expense for tilling, manuring, and sowing the lands, and also for the encouragement of husbandry, which being a public benefit, tending to the increase and

plenty of provisions, ought to have the utmost security and privilege the law can give it.' 2 Bl. Com., 122; Taylor on L. and T., 355; *Gee v. Young,* 1 Hay., 17; *Poindexter v. Blackburn,* 36 N. C., 286." The common law being in force in this jurisdiction and the representatives of the life tenant upon his uncertain tenure from death being entitled to the emblements, C. S., 2347 (Revisal, sec. 1990) was passed. This was done to protect the right of the remainderman and to secure for him his rent for the part of the year which had not elapsed at the time his title vested. Under the statute the remainderman is entitled to a part of the rent proportionate to the part of the year elapsing after the termination of the life estate to the surrendering of possession to the remainderman. *King v. Foscue,* 91 N. C., 116.

C. S., 2480 (N. C. Code, 1927, Anno.), is as follows: "If any person makes any advance either in money or supplies to any person who is engaged in or about to engage in the cultivation of the soil, the person making the advance is entitled to a lien on the crops made within one year from the date of the agreement in writing herein required upon the land in the cultivation of which the advance has been expended, in preference to all other liens, except the laborer's and landlord's liens, to the extent of such advances. Before any advance is made an agreement in writing for the advance shall be entered into, specifying the amount to be advanced, or fixing a limit beyond which the advance, if made from time to time during the year, shall not go; and this agreement shall be registered in the office of the register of the county where the person advanced resides: *Provided,* that the lien shall continue to be good and effective as to any crop or crops which may be harvested after the end of the said year."

C. S., 2481: "The preceding section shall apply to all contracts made for the advancement of money and supplies, or either, for the purposes herein specified by mortgagors or trustors who may be in possession of the lands mortgaged or conveyed in trust at the time of the making of the contract for such advancement of money or supplies, either in case the debts secured in said mortgage or deed of trust be due or not."

C. S., 2481, *supra,* was passed by the General Assembly of 1889, ch. 476. This was an amendment to 1799 of the Code, which with certain other amendments is C. S., 2480 (N. C. Code, 1927, Anno.), *supra.* This act of 1889 was passed, no doubt, to meet the decision in *Brewer v. Chappell,* 101 N. C., 251, decided September Term, 1888, and it will be noted that C. S., 2481, distinctly says, "Either in case the debt secured in said mortgage or deed of trust *be due or not."*

In *Nichols v. Speller,* 120 N. C., at p. 78, it is held: "Section 1799 of the Code (C. S., 2480, *supra)* was not intended simply to permit a person to give a lien upon his crop for advances; but also to give such a

lien for *'preference to all other liens existing or otherwise* to the extent of such advance.' (Since changed, see 2480, *supra,* but the change does not affect the principle the case is cited to apply.) Therefore, it should be strictly construed when the rights of other creditors intervene. Even where such claims do exist, it has been held that the mortgagor must determine his own needs in conducting his farm, and that his acceptance must be deemed conclusive between the parties, and not less so upon the claim of a subsequently derived title, and that the plaintiff was not bound to see that the property was used on the farm—his duty being discharged by furnishing it. *Womble v. Leach,* 83 N. C., 84." *Wooten v. Hill,* 98 N. C., 48; *Killebrew v. Hines, supra; Tob. Asso. v. Patterson,* 187 N. C., 252.

Under the law now existing in this jurisdiction, whenever one takes a mortgage or deed in trust on farm lands, he does it with notice of this statute giving an agricultural lien for advances within one year from the date of the agreement if the statute is complied with. The mortgage or deed in trust, *whether due or not,* is subject to the provisions of this statute. It is a wise statute to enable mortgagors and trustors to obtain advances to make the crop, and made for the benefit of agriculture.

In *Wooten v. Hill, supra,* at p. 53, it is said: "All laws relating to the subject-matter of a contract enter into and form a part of it, as if they were 'expressly referred to or incorporated in its terms.' *O'Kelly v. Williams,* 84 N. C., 281; *Lehigh Water Co. v. Easton,* 121 U. S., 391. It impairs the obligation of no contract." *Ryan v. Reynolds,* 190 N. C., 563; *Steele v. Ins. Co.,* 196 N. C., 408.

There is no statute in this State giving the lessee or tenant of a mortgagor or trustor after default *any right to the crop for the year in which it is planted.* It might be wise to have such legislation, but this is for the General Assembly and not for us.

The cases of *Ford v. Green,* 121 N. C., 70; *Leach v. Curtin,* 123 N. C., 85, and *Warrington v. Hardison,* 185 N. C., 76, do not conflict with the position taken in this case. Nor is C. S., 2347, applicable to the facts here disclosed. But compare *Warrington v. Hardison, supra,* with *Ford v. Green* and *Montague v. Thorpe, supra,* and see, also, *Stevens v. Turlington,* 186 N. C., 192. For the reasons given, the judgment below is
　　Affirmed.